UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD ERVIN,**

   **Plaintiff,**

  v.              Case No. 2:19-cv-2986
                  Chief Judge Edmund A. Sargus, Jr.
                  Magistrate Judge Chelsey M. Vascura

**MATTHEW CRISLER,**

   **Defendant.**

## ORDER and REPORT AND RECOMMENDATION

  Plaintiff, Richard Ervin, an Ohio inmate proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against Matthew Crisler, the Institutional Inspector at London Correctional Institution ("LCI"). This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see also *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

  This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF

No. 1.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1).

Plaintiff's certified trust fund statement reveals that he currently has $2.35 in his prison account. Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts at Southern Ohio Correctional Facility (Inmate ID R118732) is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's

financial office in Columbus.

## I.

According to Plaintiff's Complaint, he was placed under investigation on May 30, 2018, because other inmates reported that he had been threatening them. Defendant was tasked with investigating the inmates' complaints against Plaintiff. When Defendant interviewed Plaintiff, Plaintiff denied that he had been threatening other inmates and advised Defendant that video evidence would show that the allegations advanced against him were false. On June 18, 2018, Defendant issued a conduct repot against Plaintiff.

The Serious Misconduct Panel ("SMP") found Plaintiff guilty of the charges advanced in Defendant's conduct report. As a result of the SMP's finding, Plaintiff's security level was increased. According to Plaintiff, Defendant neither reviewed the video as Plaintiff requested nor put the video into evidence for the SMP's review. Plaintiff alleges that Defendant instead opted to rely upon three confidential statements that were submitted, only two of which were revealed to him. Plaintiff maintains that Defendant therefore failed to conduct a fair, adequate, and reasonable investigation.

Plaintiff asks the Court to award him $500,000, remove the conduct report from his record, and "[f]ind out why" Defendant failed to review and supply the video to the SMP. (Pl.'s Compl. 6, ECF No. 1-1 at PAGEID # 9.)

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from

filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked

4

assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank* , 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.

The undersigned construes Plaintiff Complaint as seeking to advance a claim against Defendant for filing a false conduct report and a due process claim arising from Defendant's failure to review and submit video evidence as Plaintiff requested. The undersigned considers these potential claims in turn.

**A.    False Conduct Report**

To the extent Plaintiff intends to advance a claim against Defendant for issuing a false conduct report, it is **RECOMMENDED** that this claim be **DISMISSED** pursuant to §§ 1915(e)(2) and 1915A(b)(1). "[A] prisoner has no constitutional right to be free from false

accusations of misconduct." *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)); *see also Jones v. McKinney*, No. 97-6424, 1998 WL 940242, at *1 (6th Cir. Dec. 23, 1998) (district court properly dismissed a complaint alleging that prison officials "deliberately issued a false disciplinary report" against the plaintiff as frivolous because "even if the disciplinary report was false, . . . a prisoner has no constitutionally protected immunity from being wrongly accused"); *Lee v. Pauldine*, No. 1:12–cv–077, 2013 WL 65111, at *8 (S.D. Ohio Jan. 4, 2013) ("Accepting as true plaintiff's allegation that defendant . . . filed a false conduct report against him, '[t]he act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights.'" (quoting *Spencer v. Wilson*, No. 6:11–00128–KSI, 2012 WL 2069658, at *6 (E.D. Ky. June 8, 2012))), *adopted*, 2013 WL 646775 (S.D. Ohio Feb. 21, 2013)); *Reeves v. Mohr*, No. 4:11-cv-2062, 2012 WL 275166, at *2 (N.D. Ohio Jan. 31, 2012) ("Erroneous allegations of misconduct by an inmate do not constitute a deprivation of a constitutional right.").

**B.     Due Process Claims**

Plaintiff has also failed to plausibly allege a due process claim. More specifically, Plaintiff's allegations are insufficient to implicate federal due process concerns because he has not alleged that the disciplinary action—namely, a change in his security level and/or housing assignment—amounted to a deprivation of a constitutionally protected interest.

"[T]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "An inmate establishes a liberty interest when a change in conditions of confinement 'imposes atypical and significant hardship on [him] in relation to the ordinary incidents of prison

6

life.'" *Williams v. Lindamood*, 526 F. App'x 559, 562 (6th Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). "[A]n increase in security classification . . . does not constitute an 'atypical and significant' hardship in relation to the ordinary incidents of prison life because a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification." *Harbin–Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005) (internal quotation marks and citation omitted); *see also Moody v. Daggett*, 429 U.S. 79, 88 n.9 (1976) (change in "prisoner classification" does not implicate a due process right); *Harris v. Truesdell*, 79 F. App'x 756, 759 (6th Cir. 2003) (holding that neither "punishment of more than 60 days of punitive segregation" nor a change in security classification "give rise to a protected Fourteenth Amendment Liberty interest"); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (holding that inmate's placement in disciplinary confinement or a change in security classification or housing assignment did not implicate the Due Process Clause).

Here, Plaintiff has not alleged that the SMP proceedings resulted in the lengthening of his prison sentence, the withdrawal of good-time credits, or the deprivation of any necessities of life. Because Plaintiff does not have a constitutional right to a particular security level or housing assignment, it is **RECOMMENDED** that the Court **DISMISS** his due process claim pursuant to §§ 1915(e)(2) and 1915A(b)(1).

**IV.**

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE